COMMONWEALTH vs. DOUGLAS T. SAYERS
(and a companion case[1]).

Hampshire. November 4, 2002. - December 13, 2002.

Present: MARSHALL, C.J., GREANEY, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Firearms.*

This court concluded that the prohibition against carrying a firearm on school
grounds, set forth in G. L. c. 269, § 20 (*j*), applied to BB guns as well as
other firearms. [239-241]

COMPLAINTS received and sworn to in the Northampton Divi-
sion of the District Court Department on April 19, 2001.

Motions to dismiss were heard by *W. Michael Goggins*, J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Steven Greenbaum*, Assistant District Attorney, for the
Commonwealth.

*Meade G. Burrows* for Frederick J. Fessenden, IV.

*Frederic G. Bartmon* for Douglas T. Sayers.

CORDY, J. In this case we hold that the prohibition against car-
rying a firearm on school grounds, set forth in G. L. c. 269,
§ 10 (*j*), applies to BB guns as well as other firearms.

1. *Background.* On February 19, 2001, a student at the
University of Massachusetts at Amherst reported to the
university police that a man had carried a black firearm into a
room of one of the dormitories. Responding to the report, the
university police went to the room and found several people,
among them the defendants Douglas Sayers and Frederick
Fessenden. Sayers matched the description of the man who had
been reported carrying the firearm, but he denied possessing
such a weapon. On further inquiry by the police, Fessenden

---

[1]Commonwealth vs. Frederick J. Fessenden, Fourth.

produced a Marksman .177 caliber BB pellet gun. Sayers eventually admitted having been in possession of the BB gun earlier that night.[2]

The defendants were charged with carrying a firearm on university grounds in violation of G. L. c. 269, § 10 (*j*). Each filed a motion to dismiss the complaint against him. A judge in the District Court granted the motions, concluding that he was constrained to dismiss the complaints by this court's holding in *Commonwealth* v. *Rhodes*, 389 Mass. 641 (1983), that "the provisions of G. L. c. 269, § 12B, contain the exclusive regulatory language governing the possession of air rifles and BB guns." *Id.* at 644. Because the defendants had not been charged with violating G. L. c. 269, § 12B, the court reasoned, they could not be found guilty of a BB gun related offense. The Commonwealth appealed, and we transferred the cases to this court on our own motion. We now reverse the order of the District Court trial judge.

2. *Discussion.* There are three provisions of G. L. c. 269 relevant to this case. First, § 10 (*a*) prohibits the possession of a firearm, rifle, or shotgun unless certain exceptions are met, such as the possession of a license. One of these exceptions is "having complied" with the requirements of § 12B. G. L. c. 269, § 10 (*a*) (5) and (6). The word "firearm" for purposes of § 10 (*a*) is defined as "a pistol, revolver or other weapon . . . from which a shot or bullet can be discharged and of which the length of the barrel or barrels is less than [sixteen] inches." G. L. c. 140, § 121. Second, § 10 (*j*) forbids anyone to carry "on his person a firearm as hereinafter defined . . . in any building or on the grounds of any . . . college or university without the written authorization of the board or officer in charge" and provides a different and broader definition of "firearm," which includes "any pistol, revolver, rifle or smoothbore arm from which a shot, bullet or pellet can be discharged by whatever means." Finally, § 12B prohibits minors from possessing BB guns and air rifles in public unless licensed or in the company of an adult. G. L. c. 269, § 12B.

In *Commonwealth* v. *Rhodes, supra,* this court clarified the

[2]The defendants claimed that Fessenden had purchased the gun at a local Wal-Mart store, and that he had intended to use it for an art class project.

relationship between § 10 (*a*) and § 12B. In that case, the defendant, an adult, was charged with violating § 10 (*a*) for possessing a BB gun without a license. This court held that compliance with § 12B was the equivalent of the possession of a firearm license and therefore such compliance would excuse a defendant from prosecution under § 10 (*a*). Because § 12B prohibited *only* juvenile possession of BB guns, and that section was the "exclusive regulatory language" governing BB gun possession, the court reasoned that an adult who possessed a BB gun even without a license was in compliance with § 12B, and therefore with § 10 (*a*). *Commonwealth* v. *Rhodes, supra* at 644-645. The court supported its conclusion by hypothesizing a situation in which an adult wisely decides to confiscate a BB gun in the hands of a minor whom the adult is accompanying. It could not be the intent of the Legislature, the court thought, to make the adult's confiscation illegal by prohibiting the adult from possessing the gun. See *id.* at 645-646. The court therefore upheld the dismissal of the charge against the defendant.

The defendants in this case argue that because we said that § 12B is the "exclusive regulatory language" governing BB gun possession, their compliance with § 12B insulates them from any criminal liability under § 10 (*j*). We disagree. In the *Rhodes* case, we harmonized § 10 (*a*), which regulates the possession of firearms, by requiring, inter alia, a license or compliance with other specified statutes in order to possess them outside of one's home, with § 12B, which sets forth the specific requirements for the possession of a BB gun in a public place. Section 10 (*j*) is a provision of a different character. It specifically bans the possession of any firearm on school campuses, and it does so "notwithstanding any license" that may provide a defense to a § 10 (*a*) prosecution. G. L. c. 269, § 10 (*j*). While compliance with § 12B is a defense to a prosecution under § 10 (*a*), just as the possession of a firearm license would be, it provides no similar defense to a prosecution under § 10 (*j*), assuming the other elements of the offense are present.

The only other element of § 10 (*j*) at issue in this case is whether the BB gun that the defendants possessed was a firearm as defined in § 10 (*j*). It was. As noted above, that definition of "firearm" includes any pistol or smoothbore arm "from which

a shot, bullet or *pellet* can be discharged by whatever means" (emphasis added). G. L. c. 269, § 10 (*j*). This definition clearly includes a BB gun regardless whether it is specifically identified by name.

Contrary to the defendants' assertion, our conclusion in this case with regard to the interplay among §§ 10 (*a*), 12B, and 10 (*j*) is not anomalous. As a matter of legislative intent, it would be perfectly reasonable for the Legislature to provide more freedom for the possession of a BB gun than for the carrying of other firearms in public, but then equate the two when it came to protecting the schools of the Commonwealth from violence. The possession of a BB gun by an adult or minor on school grounds, when not permitted by one of the exceptions outlined in § 10 (*j*), thus violates that section.

We therefore reverse the allowance of the motions to dismiss and remand the case to the District Court for further proceedings consistent with this opinion.

*So ordered.*